NO. 07-09-00151-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
15, 2011

 



 

JULIAN VASQUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-421,066; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Julian Vasquez was indicted
for the offense of indecency with a child.[1]  A jury found him guilty of the charged
offense, and the court sentenced him to fifteen years confinement in
prison.  Challenging
the admission of evidence over his hearsay objection and the legal and factual
sufficiency of the evidence, appellant appeals.  We will affirm.

Background

Early in the morning of July 20,
2008, L.F., a thirteen-year-old girl, and her eight-year-old cousin were at the
apartment of L.F.=s grandmother.  The
cousin was asleep on a couch in the living room and the grandmother was asleep
in her bedroom.  L.F. watched cartoons on
television in the living room.  She
planned to sleep on a day bed in that room. 
The front door was not locked because the grandmother expected a friend
to drop by with food. 

After hearing knocking on a living
room window, L.F. opened the front door expecting her grandmother=s friend.  Instead, appellant pushed his way into the
apartment and knocked L.F. onto the day bed. 
L.F. was on her back with appellant on top of her.  He began unbuttoning her shirt and at the
final button ripped her shirt.  Appellant
reached into L.F.=s shirt and unhooked her bra. 
He touched her chest.  L.F.
acknowledged on direct examination that she was embarrassed to describe the
events.  She then agreed with the
prosecutor that appellant touched her in the area of her chest covered by her
bra.  L.F. kicked and pushed appellant
and he left the apartment.  She did not
lock the apartment door but grabbed her cell phone and ran to the
bathroom.  Locking the bathroom door, she
called 911.  Appellant reentered the
apartment through the unlocked front door.

The 911 operator received L.F.=s call at 1:24 a.m.  L.F. reported appellant was back in the
apartment and trying to enter the bathroom. 
Because of a scratching sound on the door she believed he had a knife.  L.F. told the operator that appellant tried
to Arape@ her.  She added that
he removed her bra Aand everything but that=s all.@  Police officers were
dispatched to the apartment.  The first
officer that arrived found appellant in the apartment.  L.F. remained in the bathroom.  Appellant was handcuffed and placed in a
patrol car.  

After hearing this and other
evidence, the jury found appellant guilty of indecency with a child.  Appellant timely appealed.

Analysis

In his first issue, appellant argues
the trial court erred by admitting certain hearsay statements of L.F. over his
objection.

We review the trial court=s evidentiary rulings under an abuse
of discretion standard meaning we will uphold the trial court=s decision if it is within Athe zone of reasonable disagreement.@ Montgomery v.
State, 810 S.W.2d 372, 390-91 (Tex.Crim.App.
1990) (op. on reh=g).

Appellant was in the apartment and L.F.
in the bathroom when the first police officer arrived.  Another officer arrived at 1:36 a.m. and
questioned L.F.  At trial, the court
overruled appellant=s hearsay objection to the officer=s recount of L.F.=s depiction of appellant’s
actions.  The State did not argue, and
the court did not express, a ground for admission of the testimony.[2]  Appellant requested and was granted a running
objection.  

According to the officer, he asked
L.F. to tell him what happened, beginning with the
moment she initially had contact with appellant.  He then recalled L.F.=s depiction.  This included details of appellant=s entering the apartment and pushing
L.F. onto the bed.  The description
paralleled testimony admitted elsewhere without objection.  But the officer=s recall of what happened next in the sequence was clearer
and more detailed than L.F.=s trial testimony.  The officer testified L.F. told him appellant
pulled down her shirt, exposed her breasts, and began touching her breasts.

In the opinion of the officer, L.F.
appeared nervous and embarrassed.  As
they talked of the occurrence, she began crying.  The officer agreed L.F. was emotional.
Another officer on the scene at the same time described L.F. as Afairly calm@ but shaking. She cried as they
spoke.  

After speaking with police, L.F.
spoke with her grandmother, who remained in her bedroom on oxygen.  Her grandmother testified L.F. then appeared Anervous and real scared.@ 
And she was crying.  After the
officers left, L.F. Acried on and off all night.@ 
She described L.F. as quiet and shy but added her granddaughter liked to
laugh and have fun.

Texas Rule of Evidence 803(2)
provides that a statement relating to a startling event or condition made while
the declarant was under the stress of excitement
caused by the event or condition is not excluded by the hearsay rule.  The critical factor in determining whether a
statement is an excited utterance is whether the declarant
was still dominated by the emotions, excitement, fear, or pain of the
event.  McFarland v. State, 845
S.W.2d 824, 846 (Tex.Crim.App. 1992) overruled on
other grounds by Bingham v. State, 915 S.W.2d 9 (Tex.Crim.App.
1994); Gonzalez v. State, 966 S.W.2d 804, 808 (Tex.App.BAmarillo 1998), aff'd,
3 S.W.3d 915 (Tex.Crim.App. 1999).  In other words, an appellate court must
determine whether the declarant made the statement Aunder such circumstances as would
reasonably show that it resulted from impulse rather than reason and
reflection.@ 
Zuliani v. State, 97 S.W.3d 589,
596 (Tex.Crim.App. 2003) (quoting Fowler v. State, 379 S.W.2d 345, 347 (Tex.Crim.App. 1964)). 
The time elapsed between the occurrence of the event and the utterance
is one factor considered in determining the admissibility of the
utterance.  That the declaration was a
response to questions is likewise only one factor considered, and does not
render the statement inadmissible.  McFarland,
845 S.W.2d at 846. 
The trial court may also consider the nature of the declarant
and whether the statement is self-serving. 
Apolinar v. State, 155 S.W.3d 184, 186-87 (Tex.Crim.App.
2005).

The trial court heard evidence
supporting a reasonable conclusion that when L.F. spoke with police minutes
after her 911 call she was still dominated by the emotions, excitement, fear or
pain of the event.  The trial court did
not abuse its discretion by admitting the challenged testimony of the
interviewing officer.  Appellant=s first issue is overruled. 

By his second issue, appellant challenges
the legal and factual sufficiency of the evidence tending to establish that he
acted with intent to arouse or gratify the sexual desire of any person.  Since appellant’s brief was filed, the Texas
Court of Criminal Appeals decided Brooks
v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010)
(plurality op.).  In that case, the court
determined the sufficiency of the evidence should be reviewed only under the
standard set forth in Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).[3]


In reviewing the sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict to
determine whether a rational fact finder could have found each element of the
offense beyond a reasonable doubt.  Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner
v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001)
(citing Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979)).  This standard gives full play
to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.  See also Hooper v. State, 214 S.W.3d 9,
15 (Tex.Crim.App. 2007) (juries are permitted to draw
multiple reasonable inferences as long as each inference is supported by the
evidence presented at trial).  The trier of fact is the sole judge of the weight and
credibility of the evidence.  Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979); Margraves v. State, 34
S.W.3d 912, 919 (Tex.Crim.App. 2000). Thus,
when reviewing the sufficiency of the evidence, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact-finder. Dewberry
v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).  We resolve any inconsistencies in the
evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). 
Each fact need not point directly and independently to the guilt of the
appellant, as long as the cumulative force of all the incriminating
circumstances is sufficient to support the conviction.  Hooper,
214 S.W.3d at 13. Circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Id.  On appeal, the same standard of review is
used for both circumstantial and direct evidence cases.  Id.

If, however, based on all the evidence, a
reasonably-minded jury must necessarily entertain a reasonable doubt of the
defendant’s guilt, due process requires that we reverse and order a judgment of
acquittal.  Swearingen, 101 S.W.3d at 95 (citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App.
1992)).

To convict appellant for indecency
with a child as indicted, it was for the State to prove beyond a reasonable doubt
that appellant, with intent to arouse or gratify the sexual desire of any
person, intentionally and knowingly engaged in sexual contact with L.F., a
child younger than seventeen years and not appellant=s spouse, by touching her
breast.  See Tex. Penal Code Ann. ' 21.11(a), (c) (West Supp. 2010).[4]  The trier of fact
may infer the specific intent to arouse or gratify the sexual desire of a
person by conduct, remarks, or all the surrounding circumstances.  See Bowles v. State, 550 S.W.2d 84, 85
(Tex.Crim.App. 1977); Tyler v. State, 950
S.W.2d 787, 789 (Tex.App.--Fort Worth 1999, no
pet.).  No oral expression of the actor’s
intent is required; intent may be inferred from the conduct itself.  Connell v. State, 233
S.W.3d 460, 471 (Tex.App.BFort Worth 2007, no
pet.). 

L.F. testified that earlier in the
day on July 20, as she took out her grandmother=s trash, she noticed appellant on an upstairs balcony at the
apartment complex.  It appeared he was
drinking beer.  When she returned, two
other males had joined appellant on the balcony.  They too appeared to be drinking beer.  Appellant watched L.F. and waved.  Early the following morning appellant forced
his way into the apartment, knocked L.F. onto a bed on her back, got on top of
her, began unbuttoning her shirt and tore her shirt when he reached the last
button.  According to L.F., as he did so,
appellant acted forcefully.  Viewed in
the light most favorable to the verdict, the evidence showed he then reached
under her shirt, unclasped her bra, pulled down her shirt exposing her breasts,
and began touching her breasts with his hands. 


L.F. told the 911 operator appellant
tried to rape her, and added he removed her bra.  Although the details of appellant’s touching
of L.F. were described somewhat differently in the interviewing officer’s
testimony and in his incident report, and L.F.’s trial testimony was less
explicit than her description to the interviewing officer, the jury was the
exclusive judge of the credibility of the witnesses and the weight assigned
their testimony.  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex.Crim.App.
1999).  As such, the jury was free
to accept or reject any part of a witness’s testimony.  Alvarado v. State, 818
S.W.2d 100, 105 (Tex.App.BSan Antonio 1991,
no pet.).  Having considered the entire record in the
appropriate light, we find that a rational jury could have found, beyond a
reasonable doubt, not only that appellant touched L.F.’s breasts as alleged but
that he did so with an intent of arousing or
gratifying sexual desire.

Finding the evidence sufficient to
support the jury=s verdict, we overrule appellant=s second issue.

Conclusion

Having overruled each of appellant=s issues, we affirm the judgment of
the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.  

 

 











[1] Tex. Penal Code Ann. ' 21.11(a)(1),(c)(2) (West Supp. 2010).  The indictment
alleged that appellant Adid then and there intentionally and knowingly
with the intent to arouse and gratify the sexual desire of any person, engage
in sexual contact by touching the breast of [L.F.], a child younger than 17 . .
. years, and not the spouse of the said defendant.@





[2] 
We will affirm the trial court=s evidentiary ruling if the evidence is admissible on any
ground.  Kipp v. State, 876
S.W.2d 330, 337 (Tex.Crim.App. 1994).  In their briefs, the parties focus on the
excited utterance exception to the hearsay rule as the basis for admission of
the officer=s testimony.  See Tex. R. of Evid.
803(2). 





[3] The
previously-applied factual sufficiency standard considers whether the evidence
supporting guilt, though legally sufficient, is so weak that the jury’s verdict
seems clearly wrong and manifestly unjust, or evidence contrary to the verdict
is such that the jury’s verdict is against the great weight and preponderance
of the evidence. Grotti v. State, 273 S.W.3d 273, 283 (Tex.Crim.App.
2008); Watson v. State, 204 S.W.3d
404, 414-15 (Tex.Crim.App. 2006).  Under that standard, the ultimate question is
whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Grotti, 273 S.W.3d at 283.  Even
had we applied such a standard to review of the evidence, we could not sustain
appellant’s contention.  From our review
of the entire record, the finding of appellant’s guilt was neither
clearly wrong and manifestly unjust nor against the great weight and
preponderance of the evidence.





[4] 
By amendment applicable for an offense committed on or after September
1, 2009, the State need no longer prove the actor was not the spouse of the
victim.  Rather, a marital relationship
between the actor and victim is now an affirmative defense.  See Tex. Penal Code Ann. ' 21.11(a),(b-1)
(West Supp. 2010).